COOLEY LLP
John H. Hemann (165823)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Email: jhemann@cooley.com

FISHER & PHILLIPS LLP
Michael R. Greco (*pro hac vice*)
1125 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 218-3650
Email: mgreco@fisherphillips.com

*Attorneys for Plaintiff*
*First-Citizens Bank & Trust Company*

*(Additional Attorneys on Signature Block)*

GIBSON, DUNN & CRUTCHER LLP
Harris M. Mufson (*pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000
Email: hmufson@gibsondunn.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HSBC HOLDINGS plc *a/k/a* THE HSBC GROUP *a/k/a* HONGKONG AND SHANGHAI BANKING CORPORATION, an English Corporation; HSBC USA Inc., a Delaware Corporation; HSBC BANK USA, N.A., a Delaware Corporation; HSBC UK BANK plc., an English and Welsh Corporation; SILICON VALLEY BANK UK LIMITED *n/k/a* HSBC INNOVATION BANK LIMITED, an English and Welsh Corporation; DAVID SABOW, an individual; SUNITA PATEL, an individual; MELISSA STEPANIS, an individual; PETER KIDDER, an individual; KEVIN LONGO, an individual; REBEKAH HANLON, an individual; and KATHERINE ANDERSEN, an individual,<br><br>Defendants. | Case No. 3:23-cv-02483-LB<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiff, First-Citizens Bank & Trust Company ("Plaintiff" or "First Citizens"), and Defendants, HSBC Holdings plc a/k/a The HSBC Group a/k/a Hongkong and Shanghai Banking Corporation ("HSBC Holdings"), HSBC USA Inc. ("HUSI"), HSBC Bank USA, N.A. ("HBUS"), HSBC UK Bank plc ("HBUK"), Silicon Valley Bank UK Limited n/k/a HSBC Innovation Bank Limited ("SVB UK") (the entity defendants are sometimes collectively referred to herein as the "HSBC Entities"), Sunita Patel, Melissa Stepanis, Peter Kidder, Kevin Longo, Rebekah Hanlon, and Katherine Andersen (collectively "Individual Defendants"), and David Sabow ("Sabow") (all defendants collectively, "Defendants") (Plaintiff and Defendants collectively, "Parties"), having met and conferred, hereby submit this Joint Case Management Statement, by and through their respective counsel of record.

**1.    Jurisdiction and Service**

The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because First Citizens asserts federal claims under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832, *et seq*. The Court also has supplemental or pendent jurisdiction over First Citizens' remaining claims pursuant to 29 U.S.C. § 1367 because they form part of the same case or controversy.

Defendants dispute whether the Court has personal jurisdiction over HSBC Holdings, HUSI, HBUK, Stepanis, Longo, and Anderson. Plaintiff contends that this Court has personal jurisdiction over these defendants, as alleged in the First Amended Complaint.

On May 31, 2023, service of the Complaint and summonses was waived by Andersen, Hanlon, Kidder, Longo, Patel, Sabow, Stepanis, HBUS, and HSBC USA. *See* ECF No. 27. On June 29, 2023, pursuant to and in accordance with the Hague Convention, Plaintiff served a copy of the Complaint and summonses on HSBC Holdings, HBUK, and SVB UK. *See* ECF No. 39. Plaintiff served its First Amended Complaint on February 7, 2024 via the Court's electronic filing system. ECF No. 76; Fed. R. Civ. Proc. 5(a)(1)(B), (b)(1) and (b)(2)(E).

**2.    Facts**

Plaintiff's Summary of the Facts: Silicon Valley Bank (SVB) collapsed on Friday, March 10, 2023. Defendant Sabow was an employee of SVB UK at the time, and became an executive of

HBUK shortly after HBUK acquired SVB UK on Monday, March 13, 2023. Together with the HSBC entities and other Individual Defendants, Sabow developed a written plan he called "Project Colony" to take the "core of [SVB's] profitability engine." One part of the scheme was to unlawfully misappropriate SVB's and First Citizens' confidential, proprietary and trade secret information, including the information alleged in Paragraph 4 of the First Amended Complaint. Sabow's written financial projections in "Project Colony" were based on and incorporated SVB's and First Citizens' confidential, proprietary and trade secret information. Sabow began drafting Project Colony shortly after SVB's failure, and he continued to draft and refine the plan with input and assistance from the other Defendants after First Citizens entered into the Purchase & Assumption Agreement. Implementing "Project Colony," Sabow and others also formulated employment and compensation offers for future employees using SVB's and First Citizens' confidential information.

Another part of the scheme required the HSBC entities "to move quickly" to hire "six identified core leaders in the U.S.," along with an initial wave of an "additional 35 professionals already identified" who were also First Citizens employees. Sabow referred to these six core leaders interchangeably as the "Founders" or the "Pillars." Individual Defendants Patel, Stepanis, Kidder, Longo, Hanlon, and Andersen were chosen as the "Pillars" because Sabow considered them to be "key functional leaders" with "superb client and employee followership." In fact, First Citizens likewise considered these individuals to be "key functional leaders" and had anticipated them continuing as members of First Citizens' transition team to lead post-acquisition activity for the combined SVB-First Citizens team.

After Sabow and the HSBC entities financially incented the Pillars, each Pillar was tasked with recruiting their "key professional" subordinates while still employed by First Citizens. Undeterred by the duties of loyalty they owed to First Citizens and, for some of them, their contractual obligations not to solicit fellow employees, the Pillars conspired with the remaining Defendants to execute Project Colony. Never once did the Pillars communicate to First Citizens' leaders that the business was under attack from within.

<u>Defendants' Summary of the Facts</u>: This case arises out of the March 10, 2023 collapse of

Silicon Valley Bank ("SVB")—one of the largest bank failures in U.S. history. SVB's collapse was immense and swift, creating widespread panic and speculation. In the UK, the Bank of England quickly facilitated, on March 13, 2023, the sale of SVB UK to HBUK. HBUK acquired SVB UK's *full business*, including its employees, employment contracts, and intellectual property. Meanwhile, in the United States, the Federal Deposit Insurance Corporation ("FDIC") immediately transferred certain assets and liabilities (not including former SVB's employment agreements) belonging to the former SVB to an FDIC-created and -operated "bridge bank"—Silicon Valley Bridge Bank, N.A. (the "Bridge Bank")—while the FDIC searched for a suitable buyer. Unlike in the UK, the fate of SVB and the Bridge Bank was in limbo for weeks, with widespread uncertainty about its future. SVB employees in the U.S. had lost a substantial chunk of their net worth and their futures were uncertain. They did not even know where they worked, let alone whether they would continue to have jobs.

This uncertainty remained after First Citizens purchased a subset of the Bridge Bank's assets on March 27, 2023, through a windfall deal with the U.S. Government—because the only commitment First Citizens made to former SVB employees after the purchase was to pay them temporarily until it made a final decision about whether to retain each employee. In stark contrast, several other institutions—including HBUS, JPMorgan, and Stifel—demonstrated their interest in making longer-term commitments to former SVB employees. HBUS, like JP Morgan and Stifel, competed for this talent pool, offering positions to former SVB employees who at the time had, at best, an uncertain future at First Citizens.

Sabow wanted to help his former SVB coworkers find a home and saw a business opportunity given the substantial market disruption SVB's collapse had caused. To that end, a few days after SVB's collapse and after HBUK purchased SVB UK, Sabow prepared a proposal to create a new innovation banking platform in the U.S. The proposal was generated well before First Citizens entered into the Purchase & Assumption Agreement on March 27, 2023. To generate his proposal, which he coined "Project Colony," Sabow relied on publicly accessible information, his own experience in and knowledge about the market, and information to which Sabow had complete and full access as an SVB UK employee. Prior to March 27, 2023, Sabow pitched his idea to HSBC

executives. Discovery will show that Sabow did not continue to draft and refine the Project Colony document after the Purchase & Assumption Agreement was entered into on March 27, 2023, and no other defendant was involved in drafting or refining the document. In fact, none of the Defendants used or relied on the document—which was not useful to, and had no impact at all on, Defendants' business.

On April 9, 2023, approximately 43 former SVB employees resigned from First Citizens to commence employment with HBUS. Just a few weeks after they started these new jobs, First Citizens sent them threatening letters, accusing the Individual Defendants of violating confidentiality obligations and restrictive covenants in the SVB employment agreements First Citizens had expressly disclaimed.

### 3. Legal Issues

The Court ruled on Defendants' Motion to Dismiss on January 10, 2024. ECF No. 71. Per the Court's order, Plaintiff filed the First Amended Complaint on February 7, 2024. ECF No. 76. Defendants intend to file a partial Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Defendants will seek dismissal for lack of personal jurisdiction of all claims against HSBC Holdings, HUSI, HBUK, Stepanis, Longo, and Andersen. Defendants also will move to dismiss: (a) all claims against HSBC Holdings, HUSI, HBUK, Stepanis, Longo, Andersen, Kidder, and Patel for failure to state actionable conduct post-dating March 27, 2023; (b) all common law claims against all Defendants for failure to state a claim—including on the basis of preemption; (c) all trade secrets claims except those pleaded against Sabow, SVB UK, HBUS, and Hanlon; (d) all breach of contract claims except Count 2 pleaded against Hanlon; (e) Plaintiff's new North Carolina unfair trade practices claim asserting it is impermissibly extraterritorial under North Carolina law.

### 4. Motions

On July 31, 2023, Defendants filed a Motion to Stay Discovery Pending Resolution of Their Motion to Dismiss ("Motion to Stay"). ECF No. 46. On August 8, 2023, the parties filed a Joint Stipulation and Proposed Order to Modify the Stay Briefing Schedule (ECF No. 50) which the Court granted on August 10, 2023. ECF No. 52. Pursuant to the stipulation, Plaintiff filed its

opposition to the Motion to Stay on August 21, 2023 (ECF No. 53) and Defendants filed their reply on September 9, 2023 (ECF No. 60).

In parallel with the Motion to Stay, on August 7, 2023, Defendants filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 48. On August 30, 2023, the Court granted the Parties' stipulation to modify the Motion to Dismiss briefing schedule and reset the hearing date to November 2, 2023. ECF No. 55. On September 2, 2023, the Court confirmed it would also hear argument on Defendants' Motion to Stay on November 2, 2023. ECF No. 57. Pursuant to the scheduling stipulation and the Court's order, Plaintiff filed its opposition to the Motion to Dismiss on September 19, 2023 and Defendants filed their reply on October 10, 2023. ECF Nos. 60 & 61. On its own motion, and subsequently by request of the Parties, the Court reset the hearing on Defendant's Motion to Stay and Motion to Dismiss to December 21, 2023, and heard argument on that date. ECF Nos. 63 & 64.

On January 10, 2024, the Court issued an order granting Defendants' Motion to Dismiss in Part and Denying Defendants' Motion to Stay ("Order"). ECF No. 71. The Court granted the motion in part and denied it in part, directing Plaintiff to file an amended complaint by February 7, 2024 "to clarify the roles of the HSBC defendants and individual defendants, (2) delineate the [defendants'] acts after execution of the purchase agreement, (3) add any allegations to address CUTSA preemption of the state court claims. . . and (4) address the personal-jurisdiction issues." ECF No. 71 at 23.

The Order also denied Defendants' Motion to Stay, because the Court "determined that the case will go forward on the main claims involving misappropriation of confidential and trade-secret information, at least as to some defendants." ECF No. 71 at 23. The Court concluded, "[t]here is a case here, at least against Mr. Sabow and the successor to SBV UK for claims predicated on the wrongful use of confidential and trade-secret information." *Id*.

**5.    Amendment of the Pleadings**

Plaintiff filed its First Amended Complaint on February 7, 2024 pursuant to the Order. ECF No. 76.

**6.     Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to FRCP 26(f) regarding reasonable and proportionate steps taken and to be taken to preserve evidence relevant to the issues reasonably evident in this action. The Parties are in the process of negotiating and finalizing a protocol for the identification and production of electronically stored information ("ESI") in this case.

**7.     Disclosures**

The Parties' positions on initial disclosures are stated below in Section 8.

**8.     Discovery**

The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f). They are in the process of negotiating an ESI protocol and protective order to submit to the Court. Regarding discovery pending Defendants' Motion to Dismiss the Amended Complaint, the parties agree that:

**(a)** The Parties may seek discovery regarding Claims 1, 2, 8, and 9;

**(b)** Plaintiff and Defendants Sabow, Hanlon, HBUS, and SVB UK shall serve initial disclosures on or before March 6, 2024 pursuant to FRCP 26(a)(1); and

**(c)** The remaining Defendants are not required to serve initial disclosures at this time. This will be revisited if any of those Defendants remain in the case following the Court's ruling on the Motion to Dismiss the First Amended Complaint.

Despite the agreement in paragraph 8(a) above, the parties disagree about the source from which discovery may be sought.

Plaintiff maintains it should be permitted to seek discovery concerning Claims 1, 2, 8 and 9 from any party or non-party possessing relevant information.

Defendants disagree and maintain that Plaintiff should be able to procure discovery from Sabow, Hanlon, HBUS, and SVB UK during the brief period in which Defendants' motion to dismiss is pending and that seeking discovery at this juncture from Patel, Andersen, Kidder, Longo, Stepanis, HSBC Holdings, HBUK, and HUSI—all of whom Defendants intend to move to dismiss in full—is disproportionate to the needs of the case at this stage, including but not limited to because

of the challenges of ensuring compliance with the General Data Protection Regulation in the United Kingdom as it applies to each foreign entity.

### 9. Class Actions

This section is not applicable.

### 10. Related Cases

This section is not applicable.

### 11. Relief

Plaintiff's First Amended Complaint seeks damages in the form of future lost profits, unjust enrichment, an award of reasonable royalties, and/or punitive or exemplary damages, treble damages, plus prejudgment interest, and attorneys' fees, costs and interest as permitted by law including the applicable state and federal trade secret statutes, and such other and further relief as the Court deems just and equitable. Plaintiff anticipates that one or more experts will be required to calculate damages based in part upon information to be sought through discovery in this case.

Defendants maintain that Plaintiff is not entitled to any relief. Defendants have not yet Answered and reserve the right to assert counterclaims at the appropriate time for monetary, injunctive, and declaratory relief as appropriate, as well as for prejudgment interest, attorneys' fees, costs, and interest as permitted by law.

### 12. Settlement and ADR

The Parties agree that it is premature to discuss settlement, and they will revisit the appropriate timing of settlement discussions after Defendant's Answer or the Court's order on Defendants' Motion to Dismiss the First Amended Complaint.

### 13. Other References

Based on information currently available, the Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel of Multidistrict Litigation.

### 14. Narrowing of the Issues

At this time, the Parties are unaware of any issues that can be narrowed by agreement, prior to the Court's ruling on Defendants' Motion to Dismiss the First Amended Complaint.

**15. Expedited Trial Procedure**

Given its complexity, the Parties do not believe this civil action can be handled on an expedited basis with streamlined procedures.

**16. Scheduling**

The Parties agree it is premature to propose a complete case schedule prior to Defendants' Answer to the First Amended Complaint, or the Court's ruling on Defendants' Motion to Dismiss the First Amended Complaint.

**17. Disclosures of Non-Party Interested Entities or Persons**

Plaintiff filed its certification pursuant to Civil L.R. 3-15 on May 22, 2023.  ECF No. 3. Plaintiff declared that it is a wholly owned subsidiary of First Citizens BancShares, Inc.  *Id.*

Defendant HBUS filed its certification pursuant to Civil L.R. 3-15 on June 20, 2023, and declared that it is the principal subsidiary of HUSI.  ECF No. 32.

Defendant HUSI filed its certification pursuant to Civil L.R. 3-15 on June 20, 2023, and declared that it is a wholly owned subsidiary of HSBC North American Holdings Inc., which itself is a wholly owned subsidiary or Defendant HSBC Holdings.  ECF No. 32.

Defendants HSBC Holdings, HUSI, and HBUS declared that the following persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: HSBC North America Holdings Inc. and HSBC Overseas Holdings (UK) Limited.  ECF No. 43.

Defendant SVB UK filed its certification pursuant to Civil L.R. 3-15 on July 14, 2023, and declared that it is a wholly owned subsidiary of HBUK.  ECF No. 43.

Defendant HBUK filed its certification pursuant to Civil L.R. 3-15 on July 14, 2023, and declared that it is a wholly owned subsidiary of HSBC Holdings.  ECF No. 43.

Defendant HSBC Holdings filed its certification pursuant to Civil L.R. 3-15 on July 14, 2023, and declared that its shares are traded on the New York Stock Exchange and certain foreign stock exchanges and that no publicly held corporation owns 10% or more of its stock.  ECF No.

43.

Defendant SVB UK, HBUK and HSBC Holdings declared that the following persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding: HSBC North America Holdings Inc. and HSBC Overseas Holdings (UK) Limited.  ECF No. 43.

### 18. Professional Conduct

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other Matters

The Parties have no other issues to raise at this time.

                Respectfully submitted,

Dated:  February 29, 2024      COOLEY LLP


By: */s/ John H. Hemann*
    John H. Hemann

COOLEY LLP
John H. Hemann (165823)
Amy M. Smith (287813)
Eleanor W. Barczak (329180)
3 Embarcadero Center, 20th Floor
San Francisco, California 94111
Telephone: (415) 693-2000
Email: jhemann@cooley.com
Email: amsmith@cooley.com
Email: ebarczak@cooley.com


FISHER & PHILLIPS LLP
Michael R. Greco (admitted *pro hac vice*)
James S. Bradbury (admitted *pro hac vice*)
1125 17th Street, Suite 2400
Denver, Colorado 80202
Telephone: (303) 218-3650
Email: mgreco@fisherphillips.com
Email: jbradbury@fisherphillips.com


*Attorneys for Plaintiff*
*First-Citizens Bank & Trust Company*

| | | |
|---|---|---|
| 1 | Dated:   February 29, 2024 | GIBSON, DUNN & CRUTCHER LLP |

By: */s/ Harris M. Mufson*
    Harris M. Mufson

HARRIS M. MUFSON (*pro hac vice*)
hmufson@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
lcrain@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212-351-4000
Facsimile: 212-351-4035

ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 SOUTH GRAND AVENUE
LOS ANGELES, CA 90071-3197
TELEPHONE: 213-229-7000
Facsimile: 213-229-7520

ELIZABETH P. PAPEZ (*pro hac vice*)
epapez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202-955-8500
Facsimile: 202-530-9606

*Attorneys for Defendants*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**ATTESTATION OF SIGNATURES**

Pursuant to Civil Local Rule 5-1(i) (3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated: February 29, 2024

*/s/ John H. Hemann*
John H. Hemann