HARRIS M. MUFSON (*pro hac vice*)
hmufson@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
lcrain@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

ELIZABETH P. PAPEZ (*pro hac vice*)
epapez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.,
Washington, D.C. 20036
Telephone: 202.955.8500
Facsimile: 202.530.9606

ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HSBC HOLDINGS plc a/k/a THE HSBC GROUP a/k/a HONGKONG AND SHANGHAI BANKING CORPORATION, et al.<br><br>Defendants. | Case No.  23-cv-02483-LB<br><br>**DECLARATION OF MELISSA STEPANIS** |

1

## DECLARATION OF MELISSA STEPANIS

2      I, Melissa Stepanis, hereby declare as follows:

3      1.      I provide this Declaration in Support of Defendants' Motion to Dismiss First-Citizens

4   Bank & Trust Co.'s ("First Citizens") First Amended Complaint.

5      2.      I have personal knowledge of the facts set forth in this declaration unless otherwise

6   noted, and if called to do so, could and would competently testify thereto.

7      3.      Between March 10, 2023 and the present, I have at all times resided in Connecticut.

8      4.      Between March 10, 2023 and April 10, 2023, I did not travel to California.

9      5.      I am currently employed by HSBC Bank USA, N.A. ("HBUS") and have been since

10   around April 10, 2023.

11      6.      I understand that the First Amended Complaint alleges that on March 31, 2023, I

12   searched "negotiating salary job offer" and "hsbc glass door" on Google.  I have no present recollection

13   of conducting those searches on that date, but to the extent I conducted them, I did not do so in

14   California (because I was in Connecticut) nor about any job opportunities in California (because I never

15   considered relocating to California during this time).

16      7.      I understand that the First Amended Complaint alleges that on or about March 31, 2023,

17   I spoke with Kevin Longo, a former Silicon Valley Bank ("SVB") employee who resides in

18   Massachusetts, about conversations he was having with Michael Roberts, an HBUS executive I

19   understand is based in New York.

20      8.      I understand that the First Amended Complaint alleges that I told Mr. Longo on March

21   31, 2023 to ask Mr. Roberts for "100 offer letters and revised salaries that could be presented to First

22   Citizens' employees."  That statement was a joke.  It reflects a moment of levity between myself and

23   Mr. Longo, with whom I had worked for several years at SVB, regarding particular challenges we were

24   facing with respect to First Citizens' approach to compensation and benefits for former SVB

25   employees.  At no time did I ask Mr. Roberts (or seriously ask Mr. Longo to ask Mr. Roberts) to present

26   100 offer letters or revised salaries to former SVB employees.

27      9.      I understand the First Amended Complaint alleges that I called a former SVB employee

28   who was "on" my "team" on April 6, 2023.  The First Amended Complaint does not state who that

Gibson, Dunn & Crutcher LLP

person was or where he or she was based.  I likely spoke with many individuals "on" my "team" that day, as I was continuing to do my job for SVB, although most of the discussions I recall from around that date with members of my "team" were over work applications such as Microsoft Teams.  I only recall two telephone calls on April 6 where I spoke with members of my "team": a call to a former SVB employee based in Massachusetts and another to a former SVB employee based in New York.  I do not recall any telephone call where I spoke with a member of my team that was based in California.

10.    I understand the First Amended Complaint alleges that I communicated with "HSBC's Head of Executive Recruitment" on or before April 8, 2023 to request that person "set up a separate meeting on April 8 between Michael Roberts, them, and the members of their teams."  To the extent any such conversation occurred, it would not have occurred with anyone in California, as I was located in Connecticut, Ms. Andersen (who is also alleged to have made that request with me) was located in Massachusetts, and the Head of Executive Recruitment was not, as I understand it, based in California.

11.    I understand the First Amended Complaint alleges that I "active[ly] participated" in a call held by Mr. Roberts on April 8, 2023.  That is wrong.  Although I attended a Zoom call with Mr. Roberts on April 8, I do not recall speaking during the call at all, let alone in an "active" way.  I joined that call from Connecticut to listen to what Mr. Roberts had to say.  And I have no reason to believe that Mr. Roberts—who is based in New York—was in California at the time.

12.    I understand the First Amended Complaint alleges that I printed out a performance-review document called the 9-Block Report on March 23, 2023, and alleges that I or others used that report after March 27, 2023.  The 9-Block Report was provided to me by an SVB human resources employee as we were considering personnel decisions in the wake of SVB's collapse.  I did not share that report or use it in any way other than in conjunction with the specific request from SVB human resources.  I did not print or review the 9-Block Report in California.

13.    I declare under penalty of perjury that the foregoing is true and correct. Executed this __12th__ day of <u>March</u>, 2024, at Westport, Connecticut.

_____

Melissa Stepanis

DECLARATION OF MELISSA STEPANIS
NO. 23-CV-02483-LB

Gibson, Dunn &
Crutcher LLP