HARRIS M. MUFSON (*pro hac vice*)
hmufson@gibsondunn.com
LEE R. CRAIN (*pro hac vice*)
lcrain@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

ILISSA SAMPLIN, SBN 314018
isamplin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

ELIZABETH P. PAPEZ (*pro hac vice*)
epapez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.,
Washington, D.C. 20036
Telephone:  202.955.8500
Facsimile:  202.530.9606

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIRST-CITIZENS BANK & TRUST COMPANY, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>HSBC BANK USA, N.A., a Delaware Corporation; SILICON VALLEY BANK UK LIMITED, an English and Welsh Corporation; DAVID SABOW, an individual; and REBEKAH HANLON, an individual,<br><br>Defendants. | Case No. 3:23-cv-02483-LB<br><br>**HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFF FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST AMENDED COMPLAINT** |

Gibson, Dunn & Crutcher LLP

HSBC Bank USA, N.A. ("HSBC Bank USA" or "Defendant") responds to Plaintiff's First Amended Complaint below.[1]

       Defendant denies the allegations in the introduction to the First Amended Complaint.

       1.      Defendant admits that after the events of Friday, March 10, 2023, the FDIC transferred certain assets and liabilities belonging to the former SVB to an FDIC-created and operated "bridge bank," while the FDIC searched for a suitable buyer. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 1, and therefore denies them.

       2.      Defendant admits that SVB UK was acquired by HSBC UK on Monday, March 13, 2023, for £1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 2, and therefore denies them.

       3.      Defendant admits that upon the acquisition of SVB UK, Sabow's employer became a wholly owned subsidiary of HBUK. Defendant denies the remainder of the allegations in Paragraph 3, except Defendant admits that Paragraph 3 purports to reference documents. Defendant refers the Court to those documents for the full context thereof.

       4.      Defendant denies the allegations in Paragraph 4, except Defendant admits that Paragraph 4 purports to reference documents. Defendant refers the Court to those documents for the full context thereof.

       5.      Defendant denies the allegations in Paragraph 5.

       6.      Defendant denies the allegations in Paragraph 6.

       7.      Defendant denies the allegations in Paragraph 7.

       8.      Defendant denies the allegations in Paragraph 8.

       9.      Defendant denies the allegations in Paragraph 9, including because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 9. To the extent Paragraph 9 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

---

[1] Defendant's responses to Plaintiff's First Amended Complaint are made to the best of Defendant's current knowledge, information, and belief.

Gibson, Dunn &
Crutcher LLP

10. Defendant denies the allegations in Paragraph 10. To the extent Paragraph 10 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies them. To the extent Paragraph 12 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies them. To the extent that Paragraph 17 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 18, and therefore denies them. Defendant denies the remainder of the allegations in Paragraph 18.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20. Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant HSBC Holdings has been dismissed from this case. Defendant is not required to answer the allegations in Paragraph 20.

21. Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant HUSI has been dismissed from this case. Defendant is not required to answer the allegations in Paragraph 21.

22. Defendant admits that HSBC Bank USA has offices, branches, and ATMs in California. Defendant admits that HSBC Bank USA is a subsidiary of HUSI. Defendant denies the remainder of the allegations in Paragraph 22.

Gibson, Dunn & Crutcher LLP

23.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant HSBC UK has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 23.

24.    Defendant admits that SVB UK is a corporation organized under the laws of England and Wales, with its headquarters located at Alphabeta, 14-18 Finsbury Square, London, EC2A 1BR, United Kingdom.  Defendant denies the remainder of the allegations in Paragraph 24.

25.    Defendant admits the allegations in Paragraph 25.

26.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Sunita Patel has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 26.

27.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Melissa Stepanis has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 27.

28.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Peter Kidder has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 28.

29.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Kevin Longo has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 29.

30.    Defendant admits that Rebekah Hanlon is a resident of California.  Defendant denies the remainder of the allegations in Paragraph 30.

31.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Katherine Andersen has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 31.

32.    The allegations in Paragraph 32 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 32 are deemed in whole or in part to be factual, Defendant denies them.

Gibson, Dunn & Crutcher LLP

33.     Defendant admits that Sabow is a resident of California.  The allegation about personal jurisdiction is a conclusion of law to which no responsive pleading is required, and is therefore denied. Defendant denies the remainder of the allegations in Paragraph 33.

34.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Patel has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 34.

35.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Stepanis has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 35.

36.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Kidder has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 36.

37.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Longo has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 37.

38.     Defendant admits that Hanlon is a resident of California.  The allegation about personal jurisdiction is a conclusion of law to which no responsive pleading is required, and is therefore denied. Defendant denies the remainder of the allegations in Paragraph 38, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.

39.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Andersen has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 39.

40.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant HSBC Holdings has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 40.

41.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant HUSI has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 41.

Gibson, Dunn & Crutcher LLP

HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFF FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST AMENDED COMPLAINT
NO. 3:23-CV-02483-LB

42.     The allegation about personal jurisdiction is a conclusion of law to which no responsive pleading is required, and is therefore denied.  Defendant denies the remainder of the allegations in Paragraph 42.

43.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant HSBC UK has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 43.

44.     The allegation about personal jurisdiction is a conclusion of law to which no responsive pleading is required, and is therefore denied.  Defendant denies the remainder of the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 45 are deemed in whole or in part to be factual, Defendant denies them.

46.     The allegations in Paragraph 46 contain conclusions of law and about the application of rules of this Court to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 46 are deemed in whole or in part to be factual, Defendant denies them.

47.     The allegations in Paragraph 47 are broad and unspecific, and thus are not capable of an admit or deny response without context.

48.     The allegations in Paragraph 48 are broad and unspecific, and thus are not capable of an admit or deny response without context.

49.     The allegations in Paragraph 49 are broad and unspecific, and thus are not capable of an admit or deny response without context.

50.     The allegations in Paragraph 50 are broad and unspecific, and thus are not capable of an admit or deny response without context.

51.     The allegations in Paragraph 51 are broad and unspecific, and thus are not capable of an admit or deny response without context.

52.     The allegations in Paragraph 52 are broad and unspecific, and thus are not capable of an admit or deny response without context.

53.     The allegations in Paragraph 53 are broad and unspecific, and thus are not capable of an admit or deny response without context.

54.     The allegations in Paragraph 54 are broad and unspecific, and thus are not capable of an admit or deny response without context.

55.     Defendant denies the allegations contained in the last sentence of Paragraph 55.  The remainder of the allegations in Paragraph 55 are broad and unspecific, and thus are not capable of an admit or deny response without context.

56.     The allegations in Paragraph 56 are broad and unspecific, and thus are not capable of an admit or deny response without context.  The allegations in Paragraph 56 also contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 56 are deemed in whole or in part to be factual, Defendant denies them.

57.     The allegations in Paragraph 57 are broad and unspecific, and thus are not capable of an admit or deny response without context.  The allegations in Paragraph 57 also contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 57 are deemed in whole or in part to be factual, Defendant denies them.

58.     The allegations in Paragraph 58 are broad and unspecific, and thus are not capable of an admit or deny response without context.  The allegations in Paragraph 58 also contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 58 are deemed in whole or in part to be factual, Defendant denies them.

59.     The allegations in Paragraph 59 are broad and unspecific, and thus are not capable of an admit or deny response without context.  The allegations in Paragraph 59 also contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 59 are deemed in whole or in part to be factual, Defendant denies them.

60.     The allegations in Paragraph 60 are broad and unspecific, and thus are not capable of an admit or deny response without context.  The allegations in Paragraph 60 also contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 60 are deemed in whole or in part to be factual, Defendant denies them.

61.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

62.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies them.

63.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies them.

64.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore denies them.

65.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies them.

66.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and therefore denies them.

67.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies them.

68.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68, and therefore denies them.

69.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies them.

70.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies them.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies them.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies them.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and therefore denies them.

74.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies them.

Gibson, Dunn & Crutcher LLP

HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFF FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST AMENDED COMPLAINT
NO. 3:23-CV-02483-LB

75.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies them.

76.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies them.

77.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies them.

78.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies them.

79.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies them.

80.    Defendant admits that on March 10, 2023, SVB went into FDIC receivership. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 80, and therefore denies them.

81.    Defendant admits that, on or about March 8, 2023, it was publicly reported that SVB Financial Group would book a $1.8 billion loss after selling some of its investments.

82.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore denies them.

83.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies them.

84.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

85.    Defendant admits that Paragraph 85 purports to reference a CNN article, available online.  Defendant refers the Court to that website for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 85, and therefore denies them.

86.    Defendant admits that Paragraph 86 purports to reference an FDIC press release, available online.  Defendant refers the Court to that website for the full context thereof.  Defendant

lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 86, and therefore denies them.

87.    Defendant admits that Paragraph 87 purports to reference an FDIC press release, available online.  Defendant refers the Court to that website for the full context thereof.

88.    Defendant admits that Paragraph 88 purports to reference an FDIC press release, available online.  Defendant refers the Court to that website for the full context thereof.

89.    Defendant admits that the first sentence of Paragraph 89 purports to reference an FDIC press release, available online.  Defendant refers the Court to that website for the full context thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 89, and therefore denies them.

90.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and therefore denies them.

91.    Defendant admits that the first sentence of Paragraph 91 purports to reference a publicly televised address by President Biden.  Defendant refers the Court to that address for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 91, and therefore denies them.

92.    Defendant admits that Paragraph 92 purports to reference an FDIC press release, available online.  Defendant refers the Court to that website for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 92, and therefore denies them.

93.    Defendant admits that the first two sentences of Paragraph 93 purport to reference an FDIC press release, available online.  Defendant refers the Court to that website for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 93, and therefore denies them.  The last sentence of Paragraph 93 also contains conclusions of law to which no responsive pleading is required.

94.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and therefore denies them.  The last sentence of Paragraph 94 also contains conclusions of law to which no responsive pleading is required.

9

Gibson, Dunn &
Crutcher LLP

HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFF FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST
AMENDED COMPLAINT
NO. 3:23-CV-02483-LB

95.    Defendant admits that Paragraph 95 purports to reference the FDIC website.  Defendant refers the Court to that website for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 95, and therefore denies them.

96.     Defendant admits that the FDIC held an auction to sell certain assets and liabilities of the Bridge Bank.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 96, and therefore denies them.

97.    Defendant admits that Paragraph 97 purports to reference a "Statement of Support." Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 97, and therefore denies them.

98.    Defendant admits that Paragraph 98 purports to reference a "Statement of Support." Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 98, and therefore denies them.

99.    Defendant admits it did not submit a bid for any Bridge Bank assets.  Defendant also admits that the second sentence of Paragraph 99 purports to reference a Bloomberg News article, available online.  Defendant refers the Court to that website for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 99, and therefore denies them.

100.    Defendant denies the allegations in Paragraph 100.  To the extent that Paragraph 100 purports to reference a public statement from the FDIC, Defendant refers the Court to that announcement for the full context thereof.

101.    Defendant admits that on or about March 13, 2023, HSBC UK acquired SVB UK for £1.  Defendant denies the remainder of the allegations in Paragraph 101, except admits that portions of the second and third sentences of Paragraph 101 purport to reference a website.  Defendant refers the Court to that website for the full context thereof.

102.    Defendant denies the allegations in Paragraph 102.

10

Gibson, Dunn &
Crutcher LLP

103.    Defendant admits that upon the acquisition of SVB UK, Sabow's employer became a wholly owned subsidiary of HBUK.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 103, and therefore denies them.

104.    Defendant denies the allegations in Paragraph 104.  To the extent Paragraph 104 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

105.    Defendant admits that Paragraph 105 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 105, and therefore denies them.

106.    Defendant admits that Paragraph 106 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 106, and therefore denies them.

107.    Defendant admits that Paragraph 107 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 107, and therefore denies them.

108.    Defendant denies the allegations in Paragraph 108.  To the extent Paragraph 108 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

109.    Defendant denies the allegations in Paragraph 109.  To the extent Paragraph 109 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

110.    Defendant denies the allegations in Paragraph 110.  To the extent that Paragraph 110 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

111.    Defendant denies the allegations in Paragraph 111.

112.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and therefore denies them.

113.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and therefore denies them.

114.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and therefore denies them.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and therefore denies them.

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and therefore denies them.

117.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and therefore denies them.

118.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and therefore denies them.  To the extent Paragraph 118 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

119.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and therefore denies them.

120.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and therefore denies them.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and therefore denies them.  To the extent Paragraph 121 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

122.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and therefore denies them.  To the extent Paragraph 122 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

123.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and therefore denies them.

124.    The allegations in Paragraph 124 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and therefore denies them.  To the extent Paragraph 124 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

125.    The allegations in Paragraph 125 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and therefore denies them.  To the extent Paragraph 125 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

126.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and therefore denies them.

127.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and therefore denies them.

128.    The allegations in Paragraph 128 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and therefore denies them.  To the extent Paragraph 128 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and therefore denies them.  To the extent Paragraph 129 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

130.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and therefore denies them.

131.    Defendant admits that Paragraph 131 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

132.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and therefore denies them.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and therefore denies them.  To the extent Paragraph 133 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

134.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and therefore denies them.

135.    The allegations of employment status in the first sentence of Paragraph 135 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 135, and therefore denies them.  To the extent Paragraph 135 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

136.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and therefore denies them.

137.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137, and therefore denies them.  To the extent Paragraph 137 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

138.    Defendant denies the allegations in the first sentence of Paragraph 138.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 138, and therefore denies them.  To the extent Paragraph 138 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

139.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 139, and therefore denies them.  Defendant denies the allegations in the second sentence of Paragraph 139.  To the extent Paragraph 139 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

140.    Defendant admits that Paragraph 140 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

141.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141, and therefore denies them.  To the extent Paragraph 141 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

142.     Defendant admits that Paragraph 142 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

143.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143, and therefore denies them.  To the extent Paragraph 143 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

144.     Defendant denies the allegations in Paragraph 144, except admits that Paragraph 144 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

145.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and therefore denies them.

146.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and therefore denies them.

147.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147, and therefore denies them.

148.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and therefore denies them.

149.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, and therefore denies them.  To the extent Paragraph 149 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

150.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, and therefore denies them.  To the extent Paragraph 150 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

151.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and therefore denies them.

152.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and therefore denies them.

153.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and therefore denies them.

154.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and therefore denies them.

155.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, and therefore denies them.  To the extent Paragraph 155 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

156.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Andersen has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 156.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156, and therefore denies them.

157.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Andersen has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 157.  To the extent that a response is required, and to the extent Paragraph 157 purports to reference a document, Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 157, and therefore denies them.

158.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Andersen has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 158.  To the extent that a response is required, and to the extent Paragraph 158 purports to reference a document, Defendant refers the Court to that document for the full context thereof.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 158, and therefore denies them.

159.     The allegations in Paragraph 159 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 159 are deemed in whole or in part to be factual, Defendant denies them, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.

160.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and therefore denies them.

161.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, and therefore denies them.

162.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and therefore denies them.  To the extent Paragraph 162 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

163.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and therefore denies them.  To the extent Paragraph 163 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

164.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and therefore denies them.

165.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165, and therefore denies them.  To the extent Paragraph 165 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

166.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and therefore denies them.  To the extent Paragraph 166 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

167.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, and therefore denies them.

168.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and therefore denies them.

169.    The allegations in Paragraph 169 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  Defendant admits that Perlow joined HSBC Bank USA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 169, and therefore denies them.  To the extent Paragraph 169 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

170.    Defendant admits that Paragraph 170 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

171.    Defendant admits that Rius works as the Head of Human Resources for HSBC Bank USA.  Defendant also admits that Paragraph 171 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

172.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, and therefore denies them.  To the extent Paragraph 172 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

173.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Stepanis has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 173.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, and therefore denies them.

174.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Stepanis has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 174.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174, and therefore denies them.

175.    The allegations in Paragraph 175 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 175 are deemed in whole or in part to be factual, Defendant denies them.

176.    Defendant denies the allegations in Paragraph 176.

177.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177, and therefore denies them.

178.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and therefore denies them.

179.    Defendant admits that Sabow met with Rius, Head of Human Resources for HSBC Bank USA, on March 24, 2023.  Defendant denies the remainder of the allegations in Paragraph 179, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.

180.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180, and therefore denies them.

181.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181, and therefore denies them.

182.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182, and therefore denies them.

183.    Defendant admits that Paragraph 183 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 183, and therefore denies them.

184.    Defendant denies the allegations in Paragraph 184, including because it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184. To the extent that Paragraph 184 purports to reference a public announcement by the FDIC and a document, Defendant refers the Court to that announcement and that document for the full context thereof.

185.    The allegations in Paragraph 185 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 185 are deemed in whole or in part to be factual, Defendant denies them, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.

186.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186, and therefore denies them.

187.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187, and therefore denies them.  To the extent Paragraph 187 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

188.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188, and therefore denies them.  To the extent Paragraph 188 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

189.    Defendant denies the allegations in Paragraph 189.

19

Gibson, Dunn & Crutcher LLP

190.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190, and therefore denies them.  To the extent Paragraph 190 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

191.    Defendant admits that Paragraph 191 purports to reference documents.  Defendant refers the Court to those documents for the full context thereof.

192.    Defendant admits that Paragraph 192 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 192, and therefore denies them.

193.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 193, and therefore denies them.

194.    Defendant denies the allegations in Paragraph 194.  To the extent Paragraph 194 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

195.    Defendant denies the allegations in Paragraph 195.  To the extent Paragraph 195 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

196.    Defendant denies the allegations in Paragraph 196.  To the extent Paragraph 196 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

197.    Defendant denies the allegations in Paragraph 197.  To the extent Paragraph 197 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

198.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198, and therefore denies them.  Defendant admits that Paragraph 198 purports to reference documents.  Defendant refers the Court to those documents for the full context thereof.

199.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 199, and therefore denies them.

200.    Defendant denies the allegations in Paragraph 200, except admits that the first sentence of Paragraph 200 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

201.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Stepanis has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 201.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 201, and therefore denies them.

202.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendants Stepanis and Longo have been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 202.  To the extent that a response is required, and to the extent Paragraph 202 purports to reference a document, Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 202, and therefore denies them.

203.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendants Stepanis and Longo have been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 203.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 203, and therefore denies them.

204.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Longo has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 204.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 204, and therefore denies them.

205.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and therefore denies them.

Gibson, Dunn &
Crutcher LLP

206. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 206, and therefore denies them.

207. Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Andersen has been dismissed from this case. Defendant is not required to answer the allegations in Paragraph 207. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 207, and therefore denies them.

208. Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Longo has been dismissed from this case. Defendant is not required to answer the allegations in Paragraph 208. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 208, and therefore denies them.

209. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 209, and therefore denies them. Defendant denies the allegations in the second sentence of Paragraph 209.

210. Defendant denies the allegations in Paragraph 210, except Defendant admits that Paragraph 210 purports to reference a document. Defendant refers the Court to that document for the full context thereof.

211. Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Andersen has been dismissed from this case. Defendant is not required to answer the allegations in Paragraph 211. To the extent that a response is required, and to the extent Paragraph 211 purports to reference a document, Defendant refers the Court to that document for the full context thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 211, and therefore denies them.

212. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212, and therefore denies them.

Gibson, Dunn & Crutcher LLP

213. Defendant admits that Sabow flew from San Francisco to Newark, New Jersey on April 3, 2023, to meet with executives from HSBC Bank USA in New York. Defendant denies the remainder of the allegations in Paragraph 213.

214. Defendant denies the allegations in Paragraph 214.

215. Defendant admits that a meeting occurred on April 4, 2023, between Sabow and certain representatives of HSBC Bank USA. Defendant admits that Rius is employed as the Head of Human Resources for HSBC Bank USA, that Crowell is employed as the Head of Commercial Banking for HSBC Bank USA, and that Rose is employed as the Head of Performance & Reward for HSBC Bank USA. Defendant denies the remainder of the allegations in Paragraph 215.

216. Defendant denies the allegations in Paragraph 216, except Defendant admits that Paragraph 216 purports to reference documents. Defendant refers the Court to those documents for the full context thereof.

217. Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Longo has been dismissed from this case. Defendant is not required to answer the allegations in Paragraph 217. To the extent that a response is required, and to the extent Paragraph 217 purports to reference a document, Defendant refers the Court to that document for the full context thereof. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 217, and therefore denies them.

218. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 218, and therefore denies them. To the extent Paragraph 218 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

219. Defendant admits that Rius is employed as the Head of Human Resources for HSBC Bank USA, that Rose is employed as the Head of Performance & Reward for HSBC Bank USA, and that Hollin is employed as the Head of Executive Recruitment for HSBC Bank USA. Defendant admits that Twarowski is employed in the Human Resources Department at HSBC Bank USA. Defendant denies the remainder of the allegations in Paragraph 219. To the extent Paragraph 219 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

220.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 220, and therefore denies them.

221.    The allegations in Paragraph 221 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 221 are deemed in whole or in part to be factual, Defendant denies them.  To the extent Paragraph 221 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

222.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Stepanis has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 222.  To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 222, and therefore denies them.

223.    Defendant admits that Rius works as the Head of Human Resources for HSBC Bank USA, that Rose works as the Head of Performance & Reward for HSBC Bank USA, and that Hollin works as the Head of Executive Recruitment for HSBC Bank USA.  Defendant denies the remainder of the allegations in Paragraph 223.  To the extent Paragraph 223 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

224.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Kidder has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 224.  To the extent that a response is required, and to the extent Paragraph 224 purports to reference a document, Defendant refers the Court to that document for the full context thereof.  Defendant denies the remainder of the allegations in Paragraph 224.

225.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Defendant Kidder has been dismissed from this case.  Defendant is not required to answer the allegations in Paragraph 225.  To the extent Paragraph 225 purports to reference a document, Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 225, and therefore denies them.

226.    Defendant admits that Roberts is employed as the Chairman for HSBC Bank USA and that Crowell is employed as the Head of Commercial Banking for HSBC Bank USA.  Defendant admits that the remainder of Paragraph 226 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

227.    Defendant admits that the allegations in Paragraph 227 purport to reference a document. Defendant refers the Court to that document for the full context thereof.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 227, and therefore denies them.

228.    Defendant denies the allegations in Paragraph 228.

229.    Defendant denies the allegations in Paragraph 229.

230.    Defendant admits that Paragraph 230 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

231.    Defendant admits that Paragraph 231 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

232.    Defendant denies the allegations in Paragraph 232, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.

233.    Defendant denies the allegations in Paragraph 233.  To the extent Paragraph 233 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

234.    Defendant denies the allegations in Paragraph 234.

235.    Defendant denies the allegations in Paragraph 235.

236.    Defendant denies the allegations in Paragraph 236.

237.    Defendant admits that Perlow became an employee of HSBC Bank USA.  Defendant denies the remainder of the allegations in Paragraph 237, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.

238.    Defendant denies the allegations in Paragraph 238.

239.    Defendant denies the allegations in Paragraph 239.

240. Defendant denies the allegations in Paragraph 240. To the extent Paragraph 240 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

241. Defendant denies the allegations in Paragraph 241, except Defendant admits that Paragraph 241 purports to reference a document. Defendant refers the Court to that document for the full context thereof.

242. Defendant admits the allegations in Paragraph 242.

243. Defendant denies the allegations in Paragraph 243. To the extent Paragraph 243 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

244. Defendant denies the allegations in Paragraph 244. To the extent Paragraph 244 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

245. Defendant denies the allegations in Paragraph 245. To the extent Paragraph 245 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

246. Defendant denies the allegations in Paragraph 246. To the extent Paragraph 246 purports to reference documents, Defendant refers the Court to those documents for the full context thereof.

247. Defendant denies the allegations in Paragraph 247.

248. Defendant denies the allegations in Paragraph 248.

249. Defendant denies the allegations in Paragraph 249.

250. The allegations in Paragraph 250 are broad and unspecific, and thus are not capable of an admit or deny response without context. Defendant admits the allegations in Paragraph 250, as a general matter.

251. The allegations in Paragraph 251 are broad and unspecific, and thus are not capable of an admit or deny response without context.

252.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 252, and therefore denies them.  Defendant denies the allegations in the second sentence of Paragraph 252.

253.    Defendant denies the allegations in Paragraph 253.

254.    Defendant denies the allegations in Paragraph 254.

255.    Defendant admits that when banks fail, their employees face uncertainty and potential job loss.  Defendant denies the remainder of the allegations in Paragraph 255.

256.    Defendant denies the allegations in Paragraph 256.

257.    Defendant denies the allegations in Paragraph 257.

258.    Defendant denies the allegations in Paragraph 258.

259.    Defendant denies the allegations in Paragraph 259.

260.    Defendant denies the allegations in Paragraph 260.

261.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

262.    The allegations in Paragraph 262 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

263.    The allegations in Paragraph 263 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

264.    The allegations in Paragraph 264 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

265.    The allegations in Paragraph 265 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

266.    The allegations in Paragraph 266 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

267.    The allegations in Paragraph 267 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

268.    The allegations in Paragraph 268 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

269.    The allegations in Paragraph 269 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

270.    The allegations in Paragraph 270 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

271.    The allegations in Paragraph 271 are not asserted against Defendant, and therefore no response is required.  To the extent that a response is required, Defendant denies the allegations.

272.    The allegations in Paragraph 272 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

273.    The allegations in Paragraph 273 are not asserted against Defendant, and therefore no response is required.  To the extent that a response is required, Defendant denies the allegations.

274.    The allegations in Paragraph 274 are not asserted against Defendant, and therefore no response is required.  To the extent that a response is required, Defendant denies the allegations.

275.    The allegations in Paragraph 275 are not asserted against Defendant, and therefore no response is required.  To the extent that a response is required, Defendant denies the allegations.

276.    The allegations in Paragraph 276 are not asserted against Defendant, and therefore no response is required.  To the extent that a response is required, Defendant denies the allegations.

277.    The allegations in Paragraph 277 are not asserted against Defendant, and therefore no response is required.  To the extent that a response is required, Defendant denies the allegations.

278.    The allegations in Paragraph 278 are not asserted against Defendant, and therefore no response is required.  To the extent that a response is required, Defendant denies the allegations.

279.    The allegations in Paragraph 279 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

280.    The allegations in Paragraph 280 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

281.    The allegations in Paragraph 281 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

282.    The allegations in Paragraph 282 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

283.    The allegations in Paragraph 283 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

284.    The allegations in Paragraph 284 are not asserted against Defendant, and therefore no response is required.  To the extent a response is required, Defendant denies the allegations.

285.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

286.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 286.

287.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 287.

288.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 288.

289.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 289.

290.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 290.

291.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 291.

292.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 292.

Gibson, Dunn & Crutcher LLP

29

HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFF FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST AMENDED COMPLAINT
NO. 3:23-CV-02483-LB

293.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 293.

294.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 294.

295.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 295.

296.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Second Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 296.

297.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

298.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 298.

299.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 299.

300.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 300.

301.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 301.

302.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 302.

303.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 303.

304.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 304.

305.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 305.

306.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 306.

307.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 307.

308.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 308.

309.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 309.

310.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 310.

HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFF FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST AMENDED COMPLAINT
NO. 3:23-CV-02483-LB

311.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 311.

312.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 312.

313.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 313.

314.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 314.

315.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 315.

316.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 316.

317.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 317.

318.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 318.

319.     Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants. Defendant is not required to answer the allegations in Paragraph 319.

320.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 320.

321.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Third Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 321.

322.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

323.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 323.

324.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 324.

325.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 325.

326.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 326.

327.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 327.

328.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 328.

329.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 329.

330.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 330.

331.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fourth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 331.

332.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

333.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 333.

334.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 334.

335.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 335.

336.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 336.

337.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 337.

338.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 338.

339.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 339.

340.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 340.

341.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 341.

342.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 342.

343.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 343.

344.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 344.

345.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 345.

346.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Fifth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 346.

Gibson, Dunn &
Crutcher LLP

347.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

348.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Sixth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 348.

349.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Sixth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 349.

350.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Sixth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 350.

351.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Sixth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 351.

352.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Sixth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 352.

353.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Sixth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 353.

354.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

355.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Seventh Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 355.

356.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Seventh Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 356.

357.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Seventh Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 357.

358.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Seventh Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 358.

359.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Seventh Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 359.

360.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Seventh Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 360.

361.    Defendant incorporates by reference their responses to the preceding paragraphs as if fully set forth herein.

362.    Defendant denies the allegations in Paragraph 362.

363.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 363 concerning purported investments of time and money made by SVB, and therefore denies them.  The remainder of Paragraph 363 contains conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent that those allegations in Paragraph 363 are deemed in whole or in part to be factual, Defendant denies them.

364.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 364 concerning purported measures to maintain secrecy by SVB and First Citizens, and therefore denies them.  The allegations of reasonable measures in the first sentence of Paragraph 364 also contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.  Defendant admits that the remainder of

Gibson, Dunn &
Crutcher LLP

Paragraph 364 purports to reference documents.  Defendant refers the Court to those documents for the full context thereof.

365.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 365 concerning policies SVB purportedly required others to sign, and therefore denies them.  The allegations of reasonable measures in the first sentence of Paragraph 365 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.  Defendant denies the remainder of the allegations in the first sentence of Paragraph 365 related to its alleged misappropriation.  Defendant admits that Paragraph 365 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

366.    Defendant admits that Paragraph 366 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

367.    Defendant admits that Paragraph 367 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

368.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 368, and therefore denies them.  Defendant admits that the remainder of Paragraph 368 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

369.    Defendant admits that Paragraph 369 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

370.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 370, and therefore denies them.

371.    Defendant denies the allegations in Paragraph 371.

372.    Defendant denies the allegations in Paragraph 372.

373.    Defendant denies the allegations in Paragraph 373, except admits that Paragraph 373 purports to reference documents.  Defendant refers the Court to those documents for the full context thereof.

374.    Defendant denies the allegations in Paragraph 374.

375.    Defendant denies that it acquired, disclosed, or used any trade secrets.  The remainder of the allegations in Paragraph 375 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent those allegations in Paragraph 375 are deemed in whole or in part to be factual, Defendant denies those allegations.

376.    The allegations in Paragraph 376 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent the allegations of Paragraph 376 are deemed in whole or in part to be factual, Defendant denies those allegations.

377.    Defendant denies the allegations in Paragraph 377.

378.    Defendant denies the allegations in Paragraph 378.

379.    Defendant denies the allegations in Paragraph 379.

380.    Defendant denies the allegations in Paragraph 380.

381.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

382.    Defendant denies the allegations in Paragraph 382.

383.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 383 concerning purported investments of time and money made by SVB, and therefore denies them.  The remainder of Paragraph 383 contains conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent that these remaining allegations in Paragraph 383 are deemed in whole or in part to be factual, Defendant denies them.

384.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 384 concerning purported measures to maintain secrecy by SVB and First Citizens, and therefore denies them.  The allegations of reasonable measures in the first sentence of Paragraph 384 also contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.  Defendant admits that the remainder of

Gibson, Dunn & Crutcher LLP

Paragraph 384 purports to reference documents.  Defendant refers the Court to those documents for the full context thereof.

385.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 385 concerning policies SVB purportedly required others to sign, and therefore denies them.  The allegations of reasonable measures in the first sentence of Paragraph 385 contain conclusions of law to which no responsive pleading is required, and are therefore denied.  To the extent those allegations are deemed in whole or in part to be factual, Defendant denies them, including because it lacks knowledge or information sufficient to form a belief as to the truth of certain of the allegations.  Defendant admits that the remainder of Paragraph 385 purports to reference documents.  Defendant refers the Court to those documents for the full context thereof.

386.    Defendant admits that Paragraph 386 purports to reference a document.  Defendant refers the Court to that document for the full context thereof.

387.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 387, and therefore denies them.  To the extent Paragraph 387 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

388.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 388, and therefore denies them.  To the extent Paragraph 388 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

389.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 389, and therefore denies them.  To the extent Paragraph 389 purports to reference a document, Defendant refers the Court to that document for the full context thereof.

390.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 390, and therefore denies them.

391.    Defendant denies the allegations in Paragraph 391.

392.    Defendant denies the allegations in Paragraph 392.

393.    Defendant denies the allegations in Paragraph 393, except admits that Paragraph 393 purports to reference documents.  Defendant refers the Court to those documents for the full context thereof.

1    394.    Defendant denies the allegations in Paragraph 394.

2    395.    Defendant denies that it acquired, disclosed, or used any trade secrets.  The remainder

3    of the allegations in Paragraph 395 contain conclusions of law to which no responsive pleading is

4    required, and are therefore denied.  To the extent those allegations in Paragraph 395 are deemed in

5    whole or in part to be factual, Defendant denies them.

6    396.    The allegations in Paragraph 396 contain conclusions of law to which no responsive

7    pleading is required, and are therefore denied.  To the extent the allegations in Paragraph 396 are

8    deemed in whole or in part to be factual, Defendant denies them.

9    397.    Defendant denies the allegations in Paragraph 397.

10    398.    Defendant denies the allegations in Paragraph 398.

11    399.    Defendant denies the allegations in Paragraph 399.

12    400.    Defendant denies the allegations in Paragraph 400.

13    401.    Defendant incorporates by reference its responses to the preceding paragraphs as if fully

14    set forth herein.

15    402.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt.

16    105), Plaintiff's Tenth Cause of Action has been dismissed against all Defendants.  Defendant is not

17    required to answer the allegations in Paragraph 402.

18    403.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt.

19    105), Plaintiff's Tenth Cause of Action has been dismissed against all Defendants.  Defendant is not

20    required to answer the allegations in Paragraph 403.

21    404.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt.

22    105), Plaintiff's Tenth Cause of Action has been dismissed against all Defendants.  Defendant is not

23    required to answer the allegations in Paragraph 404.

24    405.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt.

25    105), Plaintiff's Tenth Cause of Action has been dismissed against all Defendants.  Defendant is not

26    required to answer the allegations in Paragraph 405.

27

28

Gibson, Dunn &
Crutcher LLP

41
HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFF FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST
AMENDED COMPLAINT
NO. 3:23-CV-02483-LB

406.    Pursuant to the Court's Order partially granting Defendants' Motion to Dismiss (Dkt. 105), Plaintiff's Tenth Cause of Action has been dismissed against all Defendants.  Defendant is not required to answer the allegations in Paragraph 406.

I.    This paragraph sets forth Plaintiff's demand for relief, for which the following responses are given:

A. Defendant denies the allegations in Paragraph A.

B. Defendant denies the allegations in Paragraph B.

C. Defendant denies the allegations in Paragraph C.

D. Defendant denies the allegations in Paragraph D.

E. Defendant denies the allegations in Paragraph E.

F. Defendant denies the allegations in Paragraph F.

G. Defendant denies the allegations in Paragraph G.

II.    This paragraph sets forth Plaintiff's demand for a jury trial to which no response is required.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of First Citizens' claims, Defendant asserts the following affirmative and other defenses in addition to the responses above.  Defendant may have separate and additional defenses of which it is not yet fully aware and reserves the right to amend this Answer and assert additional defenses, counterclaims, cross claims, third-party claims, and objections, if and when they become known.

## FIRST AFFIRMATIVE DEFENSE

First Citizens is barred from relief to the extent the First Amended Complaint, and each purported cause of action asserted therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

First Citizens' claims fail for lack of standing.

Gibson, Dunn & Crutcher LLP

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRD AFFIRMATIVE DEFENSE

First Citizens cannot prevail against Defendant and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on its Eighth and Ninth Causes of Action because First Citizens has failed to identify any specific, legally protected trade secrets.

### FOURTH AFFIRMATIVE DEFENSE

To the extent any of the information alleged by First Citizens as its "trade secrets" exists, First Citizens cannot prevail against Defendant and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on its Eighth and Ninth Causes of Action because the alleged trade-secret information was readily ascertainable by proper means.

### FIFTH AFFIRMATIVE DEFENSE

First Citizens cannot prevail against Defendant and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on its Eighth and Ninth Causes of Action because Defendant independently conceived of, and/or developed, the information that First Citizens alleges Defendant misappropriated.

### SIXTH AFFIRMATIVE DEFENSE

First Citizens cannot prevail against Defendant and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on its Eighth and Ninth Causes of Action because the alleged trade secrets lack independent economic value.

### SEVENTH AFFIRMATIVE DEFENSE

First Citizens cannot prevail against Defendant and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on its Eighth and Ninth Causes of Action because First Citizens has not exercised reasonable or sufficient efforts to keep the alleged trade secrets a secret.

### EIGHTH AFFIRMATIVE DEFENSE

First Citizens cannot prevail against Defendant and cannot recover damages, unjust enrichment, or reasonable royalties, if any, on its Eighth and Ninth Causes of Action because Defendant did not acquire the alleged trade secrets by improper means.

1

**NINTH AFFIRMATIVE DEFENSE**

2      First Citizens' claims are barred, in whole or in part, by the equitable doctrine of unclean hands

3   because the claims are based in part on First Citizens' actions taken in violation of California Code,

4   Business and Professions Code § 16600 and Unfair Competition Law, § 17200, *et seq.*, and that are

5   contrary to a strong public policy.

6

**TENTH AFFIRMATIVE DEFENSE**

7      First Citizens cannot prevail against Defendant and cannot recover damages, unjust enrichment,

8   or reasonable royalties, if any, on its Eighth and Ninth Causes of Action because First Citizens' claims

9   for misappropriation of trade secrets are frivolous, unreasonable, groundless, and in bad faith.

10

**ELEVENTH AFFIRMATIVE DEFENSE**

11      First Citizens' claims are barred because First Citizens' conduct was such that it assumed the

12   risk of any alleged losses and/or damages related to the transactions alleged in the First Amended

13   Complaint.

14

**TWELFTH AFFIRMATIVE DEFENSE**

15      First Citizens' alleged damages, if any, were the result of one or more superseding or

16   intervening causes or were caused by the acts and/or failures to act of persons or entities other than

17   Defendant, or were caused or contributed to by First Citizens' own actions, inactions, negligence, fault,

18   or lack of diligence, not by actions or inactions of Defendant, thus barring First Citizens from any

19   recovery against Defendant.

20

**THIRTEENTH AFFIRMATIVE DEFENSE**

21      First Citizens' claims are barred, in whole or in part, by the equitable doctrines of waiver,

22   acquiescence, consent and/or estoppel.

23

**FOURTEENTH AFFIRMATIVE DEFENSE**

24      First Citizens' alleged damages are too remote or speculative to ascertain or apportion.

25

**FIFTEENTH AFFIRMATIVE DEFENSE**

26      To the extent First Citizens has suffered any damages, it has failed to take reasonable steps to

27   mitigate such damages.

28

Gibson, Dunn &
Crutcher LLP

1

### SIXTEENTH AFFIRMATIVE DEFENSE

2      Defendant acted at all times on the basis of a good-faith and reasonable belief that its actions

3  were in compliance and conformity with applicable provisions of law, administrative regulations,

4  orders, rulings, guidance, and/or interpretations, and did not willfully violate any such provisions.

5  Accordingly, remedies such as enhanced or punitive damages requiring willful violations or bad faith

6  acts are unavailable.

7

### SEVENTEENTH AFFIRMATIVE DEFENSE

8      To the extent that any recovery on the First Amended Complaint may either be completely or

9  substantially barred due to after-acquired evidence, any recovery to which First Citizens might

10  otherwise be entitled must be appropriately offset.

11

### EIGHTEENTH AFFIRMATIVE DEFENSE

12      To the extent First Citizens has suffered any damages, any injunctive or monetary relief is

13  limited to the period (if any) in which Defendants retained an advantage as the result of the alleged

14  misappropriation, and in which the alleged trade secrets maintained their trade secret status.

15

### RESERVATION OF RIGHTS

16      Defendant hereby gives notice that it has not knowingly or intentionally waived any applicable

17  defenses, and that it expressly reserves the right to assert and rely upon any other applicable defenses

18  that may become available or apparent.

19

20

21  DATED: August 30, 2024                 GIBSON, DUNN & CRUTCHER LLP

22

23                                         BY    */s/ Harris M. Mufson*
                                                 *Attorneys for Defendants*

24

25

26

27

28

HSBC BANK USA, N.A.'S ANSWER TO PLAINTIFF FIRST-CITIZENS BANK & TRUST COMPANY'S FIRST
AMENDED COMPLAINT
NO. 3:23-CV-02483-LB

Gibson, Dunn &
Crutcher LLP