United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

FIRST-CITIZENS BANK AND TRUST COMPANY,

Plaintiff,

v.

HSBC HOLDINGS PLC, et al.,

Defendants.

Case No. 3:23-cv-02483-LB

**ORDER**

Re: ECF Nos. 274, 276–78

**INTRODUCTION**

This is a trade-secrets dispute arising from HSBC's hiring of former Silicon Valley Bank employees in 2023. The parties dispute the timing of the deposition of Michael Roberts, a London-based nonparty: he was the CEO of defendant HSBC Bank USA in spring 2023, now heads HSBC's global Corporate and Institutional Banking business, and — all agree — is a central percipient witness. At the plaintiff's request, the defendants secured Mr. Roberts's voluntary agreement to travel to New York for a full-day deposition on September 23, 2026, which the defendants report is the only full day he can make available through January 2027. The plaintiff's preferred examiner is abroad on September 23, and the plaintiff would rather depose Mr. Roberts after written discovery closes at the end of October. It asks the court to direct the defendants to

United States District Court
Northern District of California

provide three dates between October 6, 2026, and February 28, 2027. The defendants ask the court to hold the deposition to September 23.[1]

The court can decide the dispute without a hearing. Civil L. R. 7-1(b). The short answer is that the court cannot (on these facts) require a nonparty's availability, and it will not order the defendants to produce dates for a witness they do not employ or control. If the plaintiff wants Mr. Roberts's deposition through his voluntary appearance, it must take the September 23 date, and it must tell the defendants by September 8, 2026, whether it will. Any of the plaintiff's lawyers may participate remotely, and the parties may substitute a different date, place, or format if Mr. Roberts agrees. If the plaintiff instead forgoes the date and pursues compulsory process against a nonparty abroad, it may, but the court will not extend the case schedule to accommodate that choice.

## STATEMENT

Mr. Roberts figures centrally in the case. The defendants have contended that, as HSBC Bank USA's CEO, he decided — without needing anyone's approval — to extend employment offers to the forty-two former SVB employees at the heart of the complaint, a contention that supported the dismissal of HSBC Holdings plc.[2] He has not been employed by any party for years, resides in London, and is a U.S. citizen.[3]

The scheduling history is mostly undisputed. The defendants raised senior-executive depositions in March 2026 and asked the plaintiff to identify its requested witnesses and dates; the plaintiff did so in June. On August 6, after working to secure Mr. Roberts's availability, the defendants offered September 23, a date Mr. Roberts made possible by rearranging business commitments, arranging for another executive to chair a board meeting in his place, and reserving preparation time. The plaintiff did not respond until the defendants advised on August 14 that they would treat the date as reserved. Its objection was that its preferred examiner, John Hemann,

[1] The letter briefs are at ECF Nos. 274 and 276–278. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] ECF No. 276 at 2 (quoting ECF No. 200 at 7 and ECF No. 226 at 4).

[3] ECF No. 274 at 1–2; ECF No. 276 at 2.

United States District Court
Northern District of California

would be on vacation abroad that day. The defendants offered two accommodations — a different examiner in person, or remote participation for Mr. Hemann — and the plaintiff declined both.[4] The plaintiff then asked for dates through January (August 21), said that it would notice an October or November deposition at its San Francisco offices (August 26), and proposed two consecutive half-days.[5] The defendants respond that Mr. Roberts has no other full-day availability through January 2027 and that they have no authority to commit him to dates he has not offered.[6]

The plaintiff explains that Mr. Hemann — who took the jurisdictional Rule 30(b)(6) deposition in October 2025 and the recent deposition of another HSBC executive, Wyatt Crowell — will examine Mr. Roberts, and that he is out of the country until early October. Co-counsel Mr. Greco is unavailable that week for serious family-medical reasons.[7] The plaintiff also prefers to depose Mr. Roberts after written discovery closes at the end of October and invokes the district's Guidelines for Professional Conduct, which counsel lawyers to accommodate the schedules of opposing counsel and deponents "where possible."[8] At the court-ordered meet-and-confer on August 31, the plaintiff offered to take the deposition anywhere in the world — including Dubai or Paris, and on a weekend — on any day through February 2027 after Mr. Hemann returns.[9] The plaintiff acknowledged that Mr. Roberts is a nonparty and that, absent his voluntary appearance, it would have to pursue his testimony through the letters-rogatory process.[10]

Both sides have accommodated the other's senior executives: the plaintiff offered dates for the deposition of its president, Peter Bristow, and the defendants are holding November 13.[11] The defendants filed their letter on August 28; the court ordered a response and a further meet-and-

---

[4] ECF No. 274 at 1–2.

[5] *Id.* at 2.

[6] *Id.* at 1–2; ECF No. 277 at 2.

[7] ECF No. 276 at 2; ECF No. 277 at 2 n.1; ECF No. 278 at 1.

[8] ECF No. 276 at 2 (quoting N.D. Cal. Guidelines for Professional Conduct § 9 (Discovery)).

[9] ECF No. 278 at 1.

[10] ECF No. 277 at 2 n.2.

[11] ECF No. 274 at 2; ECF No. 276 at 2 n.2.

confer; the parties conferred by videoconference on August 31 and filed their responses and a supplement that day.[12]

**ANALYSIS**

Trial courts have broad discretion to manage discovery, including the timing and sequence of depositions.[13] Little of that discretion is needed here, because the governing facts are undisputed: Mr. Roberts is an important witness; he is a nonparty who lives abroad; and the one full day he has volunteered — at a cost to his own schedule — is September 23.

That practical reality decides the dispute. A deposition notice alone cannot compel a nonparty to appear; that takes a subpoena, and a witness who lives and works in London is beyond the court's ordinary subpoena power.[14] Nor can the court order the defendants to "provide" dates for a person they do not employ and whose calendar they do not control. The plaintiff offers nothing to counter the defendants' representation that they lack authority to commit Mr. Roberts to dates he has not given.[15] The only deposition date presently available is the one Mr. Roberts has volunteered. An order directing the defendants to produce three alternative dates would direct them to do what the record says they cannot.

The plaintiff's counter-considerations do not change that. First, the unavailability of preferred counsel is not the unavailability of the witness. The plaintiff has two firms and many lawyers on this docket; the events involving Mr. Roberts have been pleaded and litigated for more than three years and were developed in part through the jurisdictional discovery the court ordered; and the defendants have agreed that Mr. Hemann may participate remotely. The district's Guidelines call for accommodating schedules "where possible," and that obligation runs in every direction here, including toward a nonparty who has already rearranged a board meeting and significant commitments to give the parties his only free full day. Second, no rule sequences depositions after

[12] ECF No. 275; ECF No. 277 at 1; ECF No. 278 at 1; ECF No. 274 at 2 (absent relief, the defendants will release the date).

[13] *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

[14] Fed. R. Civ. P. 45(c)(1); see ECF No. 277 at 2 n.2 (the plaintiff's acknowledgment that, absent a voluntary appearance, it must proceed by letters rogatory).

[15] ECF No. 274 at 2; ECF No. 277 at 2.

written discovery.[16] Depositions are underway, the parties have agreed that each witness's custodial documents will be produced before that witness's deposition, and the plaintiff identifies no Roberts-related document that it lacks or cannot obtain before September 23. There is time to prepare.[17] The court can also allow a two-hour follow-up deposition via a videoconference on a particularized showing of a need based on document productions that postdate the deposition.

The plaintiff's flexibility — anywhere in the world, weekends included — is constructive, but it founders on the same problem: it presupposes availability that the witness has not offered. And splitting the deposition into two half-days would double the interruption for a nonparty. If Mr. Roberts agrees to an alternative that both sides prefer, the parties may substitute it by stipulation, without the need for any further court order.[18]

Finally, the dispute is ripe: the volunteered date of September 23 will lapse absent a decision, and postponing a decision would decide the issue by default. If the plaintiff elects not to proceed on September 23, it may pursue Mr. Roberts's testimony through whatever process is available against a nonparty residing abroad. But that election will not move the case schedule: it is unlikely that the court will extend the fact-discovery deadline to accommodate a deposition through a process that is necessary because the plaintiff passed on an available full-day deposition.[19]

A dispute like this one — about calendars, not law — should not need a court order.

## CONCLUSION

The court orders as follows. (1) If the plaintiff wishes to depose Mr. Roberts through his voluntary appearance, the deposition will proceed on September 23, 2026, in New York, as arranged; any of the plaintiff's counsel may participate remotely. (2) By September 8, 2026, the plaintiff must tell the defendants whether it will proceed on that date. (3) The plaintiff's request for an order directing the defendants to provide alternative dates is denied. (4) With Mr. Roberts's

[16] Fed. R. Civ. P. 26(d)(3)(A).

[17] ECF No. 276 at 2; ECF No. 277 at 2.

[18] ECF No. 278 at 1; ECF No. 274 at 2.

[19] *See* ECF No. 277 at 2 n.2.

agreement, the parties may substitute a different date, place, or format by stipulation, without further order. (5) If the plaintiff does not proceed on September 23, 2026, it may pursue Mr. Roberts's testimony through any process available for a nonparty residing abroad, but the fact-discovery deadline and case schedule remain unchanged.

**IT IS SO ORDERED.**

Dated: September 3, 2026

LAUREL BEELER
United States Magistrate Judge

United States District Court
Northern District of California