United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

FIRST-CITIZENS BANK AND TRUST COMPANY,

Plaintiff,

v.

HSBC HOLDINGS PLC, et al.,

Defendants.

Case No. 23-cv-02483-LB

**ORDER DENYING MOTION TO STRIKE**

Re: ECF No. 279

**INTRODUCTION**

This is a trade-secrets and contract case arising from the 2023 failure of Silicon Valley Bank (SVB). Plaintiff First-Citizens Bank & Trust Company, which acquired SVB's assets, alleges that defendant David Sabow, a former SVB senior executive, used SVB's confidential information to move a team of SVB bankers to HSBC under a plan known as Project Colony. Two claims survive, including claim two, which alleges that Sabow breached his 2012 employment agreement with SVB Financial Group.[1] When he answered the second amended complaint (SAC), Sabow added a counterclaim under California Business and Professions Code § 16600.5 that challenges the attempt to enforce the agreement's "unauthorized competition" provision.[2] First-Citizens moved to strike the counterclaim under Federal Rule of Civil Procedure 12(f) on the ground that Sabow filed it

[1] Order – ECF No. 243 at 2. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Answer & Countercl. – ECF No. 249 at 48–54 (¶¶ 1–32).

without leave and after the deadline to amend the pleadings. The issues are whether Sabow could assert the counterclaim as of right in response to the SAC and, if not, whether he should have leave to assert it now.[3]

The motion to strike is denied. The SAC specifically alleges that Sabow breached the agreement by competing unfairly with First-Citizens and the bridge bank, expanding the theory of the contract claim against Sabow. Sabow's counterclaim responds directly to that change and therefore was properly asserted in his answer to the SAC. And even if Sabow was not able to bring the counterclaim as of right, there is good cause to modify the scheduling order and allow him leave to do so now: Sabow was diligent in bringing the counterclaim, and there is no resulting prejudice given fact discovery closes in March 2027, expert discovery closes in July 2027, and no trial date has been set.

## STATEMENT

Paragraph nine of Sabow's agreement, titled "Unauthorized Competition," restricts him from selling competing "product lines" after his employment ends if confidential information "obtained during [his] employment . . . would give a competitive advantage over the Company."[4] The court has described it as "a prohibition on unfair competition including non-disclosure and non-use of trade-secret and confidential information."[5] Every complaint has quoted it.[6]

In 2023, the defendants moved to dismiss the contract claim in the original complaint in part on the ground that the agreement's non-competition and non-solicitation provisions are void under California Business and Professions Code § 16600.[7] First-Citizens responded: "Contrary to Defendants' assertion, the Confidentiality Agreements do not contain a non-compete clause. They simply contain confidentiality covenants and an employee non-solicitation provision."[8] The

[3] Mot. – ECF No. 279 at 3, 8–11.

[4] Confidentiality Agreement, Ex. H to Compl. – ECF No. 1-8 at 5 (¶ 9); Order – ECF No. 243 at 17.

[5] Order – ECF No. 71 at 9, 13.

[6] Compl. – ECF No. 1 at 39–40 (¶ 160); First Am. Compl. (FAC) – ECF No. 76 at 64 (¶ 278); Second Am. Compl. (SAC) – ECF No. 198 at 48–49 (¶¶ 170, 176, 180).

[7] Mot. to Dismiss – ECF No. 48 at 16–17; Order – ECF No. 71 at 15.

[8] Opp'n – ECF No. 60 at 29; Order – ECF No. 71 at 15–16.

United States District Court
Northern District of California

defendants replied that they "welcome First Citizens' withdrawal of any non-competition claim."[9] At the hearing, First-Citizens described its contract theory as "confidentiality plus non-solicit."[10] The court allowed the contract claim against Sabow to proceed. It recorded First-Citizens' position that "there is no non-compete provision" and that it "predicates its claims only on confidentiality and non-solicitation provisions," analyzed § 16600 only as to the non-solicitation provision, and deferred that issue to summary judgment because the claim "turns on misuse of information."[11]

The first amended complaint (FAC) again quoted paragraph nine and included "Unauthorized Competition Obligations" in the heading of the contract claim, but it alleged breach generically: Sabow and four others "breached the provisions of their Agreements referenced above."[12] The defendants' motion to dismiss the FAC did not challenge the validity of the provisions, and the court again sustained the claim against Sabow, noting First-Citizens' reliance on his "six-month non-solicitation covenant."[13] Sabow answered in August 2024. He pleaded § 16600 as an affirmative defense but no counterclaim.[14] By then, § 16600.5 was in effect: since January 1, 2024, it has given an employee a private right of action against an employer that attempts to enforce a contract that is void under § 16600. Cal. Bus. & Prof. Code § 16600.5(b), (e).

The scheduling order set December 18, 2025, as the last day to seek leave to amend the pleadings.[15] On that day, First-Citizens moved for leave to file the SAC. The defendants later stipulated to the amendment, and First-Citizens filed the SAC on February 6, 2026.[16] The SAC alleges that Sabow breached the agreement because he "competed unfairly with Bridge Bank and First Citizens."[17] It also added claims arising from the FDIC's operation of the bridge bank from

[9] Reply – ECF No. 61 at 18 n.7.

[10] 12/21/2023 Hr'g Tr. – ECF No. 70 at 37:22–38:2.

[11] Order – ECF No. 71 at 15–17.

[12] FAC – ECF No. 76 at 64 (¶¶ 278, 280).

[13] Mot. to Dismiss – ECF No. 81 at 30; Order – ECF No. 105 at 26–27.

[14] Answer – ECF No. 116 at 44–47.

[15] Scheduling Order – ECF No. 153.

[16] Mot. for Leave – ECF No. 186; Stipulation & Order – ECF Nos. 189–90; SAC – ECF No. 198.

[17] SAC – ECF No. 198 at 48–49 (¶¶ 170, 180).

United States District Court
Northern District of California

March 10 to March 27, 2023.[18] The defendants moved to dismiss the contract claim against Sabow "to the extent it is based on the 'unauthorized competition' provision" on the ground that the provision is unenforceable after employment ends.[19] First-Citizens responded that the SAC "cures" the earlier pleading by alleging breaches of the unauthorized-competition provision, which "only applies post-termination if they are using trade secret information to compete unfairly."[20] The court dismissed the contract claim against the other individual defendants, in part because the SAC did not allege that they sold product lines or disclosed trade secrets. The claim remained against Sabow, and the court did not decide whether the competition provision is enforceable against him.[21]

On July 8, 2026, Sabow asked First-Citizens to withdraw the contract claim to the extent that it rests on the competition provision. First-Citizens did not. On July 10, the stipulated deadline, Sabow answered the SAC and asserted one counterclaim under § 16600.5 for damages, injunctive and declaratory relief, and attorney's fees.[22] In August 2026, at First-Citizens' request, the court extended fact discovery to March 18, 2027, and expert discovery to July 15, 2027. There is no trial date.[23]

First-Citizens then moved to strike the counterclaim.[24] In its reply, it offered to stipulate that it "is not pursuing any breach of contract theory based on" the unauthorized-competition provision if Sabow dismisses the counterclaim as moot.[25] All parties consented to magistrate-judge jurisdiction.[26]

---

[18] Order – ECF No. 243 at 2.

[19] Mot. to Dismiss – ECF No. 199 at 27–29.

[20] Opp'n to Mot. to Dismiss – ECF No. 204 at 11–12, 38.

[21] Order – ECF No. 243 at 4, 17.

[22] Stipulation & Order – ECF Nos. 244–45; Answer & Countercl. – ECF No. 249 at 48–55 (¶¶ 1–32); Opp'n – ECF No. 286 at 8; Reply – ECF No. 287 at 10 n.2.

[23] Order – ECF No. 268 at 2–3.

[24] Mot. – ECF No. 279.

[25] Reply – ECF No. 287 at 10.

[26] 28 U.S.C. § 636(c)(1); Consents – ECF Nos. 23, 33, 222. The court can decide the dispute without oral argument. Civil L.R. 7-1(b).

## ANALYSIS

### 1. Sabow Could Assert the Counterclaim as of Right

A defendant must respond to an amended complaint. Fed. R. Civ. P. 15(a)(3). The rules do not address whether the response may include a new counterclaim without leave. The parties agree that the "moderate approach" followed in this district governs: a defendant may add a counterclaim as of right when the amended complaint changes the theory or scope of the case and the counterclaim directly relates to, and is proportionate to, that change.[27] *Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *5 (N.D. Cal. Sep. 6, 2012); *Impossible Foods Inc. v. Impossible LLC*, No. 5:21-cv-02419-BLF, 2024 WL 5173315, at *2 (N.D. Cal. Dec. 18, 2024); *cf. KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020).[28]

The SAC changed the theory of the contract claim against Sabow. When the defendants challenged the non-competition provision in 2023, First-Citizens did not defend it. It said that the agreements "do not contain a non-compete clause" and that they "simply contain" confidentiality and non-solicitation covenants. The defendants said that they understood this as a withdrawal of any non-competition claim, First-Citizens again described its theory at the hearing as "confidentiality plus non-solicit," and the court's order recorded that position and analyzed § 16600 only as to the non-solicitation provision. In defending the FAC, First-Citizens again relied on the non-solicitation covenant.[29] The FAC's generic breach allegation did not signal anything different. The SAC did. It alleges that Sabow competed unfairly, and First-Citizens defended the claim on the ground that the competition provision is enforceable after termination. That is a new basis for contract liability. The SAC also extends the contract claim to conduct during the bridge-bank period, a change that First-Citizens does not address.[30]

---

[27] Mot. – ECF No. 279 at 6–7; Opp'n – ECF No. 286 at 8; Reply – ECF No. 287 at 5.

[28] Sabow contends that Rule 12(f) is not a proper vehicle for striking a claim. Opp'n – ECF No. 286 at 13–14 (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010)). First-Citizens does not respond. Because the motion fails on its own terms, the court assumes that Rule 12(f) applies.

[29] Order – ECF No. 71 at 15–17; Order – ECF No. 105 at 26–27.

[30] Order – ECF No. 243 at 2, 17; Opp'n – ECF No. 286 at 9 n.1.

First-Citizens' contrary arguments do not change the conclusion. First, it contends that every complaint quoted paragraph nine, and the January 2024 order did list the provision when it described the agreements.[31] But the question is what theory First-Citizens was pursuing, and it told the court and the defendants that it predicated its claim only on the confidentiality and non-solicitation provisions. Second, it contends that its 2023 statements concerned only the confidentiality and non-solicitation paragraphs. That is the point: in answer to a motion that attacked the non-competition provision, those were the only provisions that it identified as the basis for its claim. Third, it contends that paragraph nine is a restraint conditioned on the use of trade secrets, not a freestanding non-compete. (Its motion calls the provision a "non-compete."[32]) That point goes to whether the provision is void under § 16600, which is the merits of the counterclaim, not to whether Sabow may plead it. Fourth, it contends that the May 2026 order upheld the claim against Sabow on the competition provision. It did not. The order held that the SAC did not allege a breach of the provision by the other individual defendants and did not decide whether the provision is enforceable against Sabow.[33] Finally, the offer to stipulate that First-Citizens is not pursuing a theory based on the provision confirms that the theory is distinct from the confidentiality and non-solicitation theories that have been in the case all along.

The counterclaim is proportionate to the change. It is one claim, and it challenges enforcement of the provision that the SAC alleges Sabow breached.[34] In *Impossible Foods*, by contrast, the counterclaim concerned products different from those that the amendment addressed, and discovery, not the amendment, prompted it. 2024 WL 5173315, at *3.[35] Because Sabow pleaded the counterclaim in a required response to the SAC, on the stipulated deadline, he was not amending his answer, and the deadline to seek leave to amend did not apply.

---

[31] Order – ECF No. 71 at 9, 13; Reply – ECF No. 287 at 4.

[32] Mot. – ECF No. 279 at 5; *see also id.* at 3 ("non-competition allegations").

[33] Order – ECF No. 243 at 17; Reply – ECF No. 287 at 4–5.

[34] Answer & Countercl. – ECF No. 249 at 50–51 (¶ 15), 53–54 (¶¶ 25–32).

[35] Opp'n – ECF No. 286 at 10 (describing the case); First-Citizens does not dispute the description.

United States District Court
Northern District of California

**2. Alternatively, Leave Is Granted**

Even if Sabow needed leave, the court grants it. A party who seeks to amend after the scheduling-order deadline must show good cause under Rule 16(b)(4), which turns primarily on diligence, and then satisfy Rule 15(a)(2), under which leave is freely given absent undue delay, bad faith, futility, or prejudice to the opposing party. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice carries the most weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Sabow did not file a noticed motion for leave. But the counterclaim is on file, the parties have briefed Rules 15 and 16 fully, and First-Citizens itself contends that a separate motion would be "an empty exercise."[36] The court decides the issue on this record.

Sabow was diligent. The relevant date is the SAC, not the 2023 complaint or the effective date of § 16600.5. The statute reaches an employer's attempt to enforce a void covenant, and until the SAC, First-Citizens had represented that it was not enforcing a non-compete. Sabow could not have met the December 18, 2025 deadline for a counterclaim that responds to a pleading first proposed that day and filed seven weeks later. After the SAC, he moved to dismiss within five days, asked First-Citizens to withdraw the theory when the court's order did not resolve it, and pleaded the counterclaim on the day his answer was due.[37] That the § 16600 challenge to the non-solicitation provision has been live since 2023 does not matter because the counterclaim targets the competition provision. For the same reason, this is not a case where the facts and theory were known "since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

First-Citizens shows no prejudice, whoever bears the burden.[38] Fact discovery is open until March 18, 2027, and expert discovery until July 15, 2027. There is no trial date. Sabow has not

[36] Reply – ECF No. 287 at 9.

[37] Mot. to Dismiss – ECF No. 199; Order – ECF No. 243 at 17; Opp'n – ECF No. 286 at 12.

[38] *Compare* Opp'n – ECF No. 286 at 12 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)), *with* Reply – ECF No. 287 at 8.

been deposed.[39] The enforceability of the provision under § 16600 is already in the case through Sabow's affirmative defense. The counterclaim adds damages and fees, and First-Citizens identifies no discovery on those issues that it cannot complete under the current schedule. *Coleman v. Quaker Oats Co.* is different: there, the new theory surfaced at summary judgment, after discovery closed. 232 F.3d 1271, 1294–95 (9th Cir. 2000). First-Citizens does not argue bad faith or futility. To the extent that leave is required, the court modifies the schedule and deems the counterclaim properly filed.

**CONCLUSION**

The motion to strike is denied. Sabow's counterclaim stands as filed at ECF No. 249. First-Citizens must respond to the counterclaim within fourteen days.

This resolves ECF No. 279.

**IT IS SO ORDERED.**

Dated: September 30, 2026

LAUREL BEELER
United States Magistrate Judge

[39] Order – ECF No. 268 at 2–3; Opp'n – ECF No. 286 at 12; Reply – ECF No. 287 at 8.